THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LESTER McDONALD, Defendant-Appellant.

Third District   No. 3—92—0120

Opinion filed August 20, 1993.

Joseph N. Ehmann, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Lester McDonald, was found guilty of armed robbery and sentenced to six years of imprisonment. He appeals, and we affirm.

On appeal, the defendant argues that his rights were violated when the prosecutor exercised peremptory challenges to exclude one African-American, Jenny Dunham, and one Hispanic, Noel Guzman, from serving on his jury. Specifically, he alleges that the trial court's decision should be reversed and the cause remanded for a new trial because the reasons given by the prosecutor for excusing Dunham were racially motivated. In the alternative, he contends that the case should be remanded for the prosecutor to state her reasons for excusing Guzman because the defendant had established a *prima facie* case of discrimination.

In the interest of clarity, we will set forth the facts necessary for an understanding of each issue as we address it. Regarding the prosecutor's use of a peremptory challenge to exclude Dunham, the record shows that there were only two African-Americans in the jury pool from which the jury was selected. One was Edna Jones, whom the trial court excused because Jones knew the defendant's mother, and the other was Dunham. The record also shows that the defendant is an African-American.

The defendant objected to the prosecutor's exclusion of Dunham, arguing that the prosecutor's decision was based upon race. The trial court then asked the prosecutor to set forth her reasons for excluding Dunham from the jury. The prosecutor explained that Dunham was removed because she had been a victim of a purse snatching 20 years earlier, was an older divorced woman, was a member of the NAACP, had a master's degree, was 15 minutes late for *voir dire*, and gave sarcastic answers. Following this explanation, the court concluded that the prosecutor's dissatisfaction with Dunham's demeanor met the neutral-basis requirement for excluding venirepersons. Accordingly, the court denied the defendant's motion.

The record also shows that the defendant's conviction was based solely on the victim's identification of him. The victim described the defendant to the police, selected the defendant's picture from a photographic lineup, and identified him at trial. The victim described the defendant as being 6 feet 1 inch tall, weighing 183 pounds, and having a pockmarked face and dark complexion. However, the defendant was actually only 5 feet 6 inches tall, weighed only 116 pounds, was not pockmarked, and had a medium complexion.

On appeal, the defendant first argues that the reasons given by the prosecutor were not race-neutral. He alleges that Dunham shared the same traits and experiences with a number of Caucasian jurors who were not excused. As such, he contends he established that the prosecutor had engaged in purposeful discrimination.

Once a defendant makes a *prima facie* showing of discrimination, the burden shifts to the State to rebut the defendant's *prima facie* case by coming forward with race-neutral explanations for challenging the venireperson allegedly excluded because of his or her race. The trial court must then consider those explanations and determine if the defendant has established purposeful discrimination. (*Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712.) The prosecutor's explanation must demonstrate that the excluded veniremember exhibited a specific bias related to the particular cause to be tried. *People v. Andrews* (1993), 155 Ill. 2d 286, 614 N.E.2d 1184.

A peremptory challenge is usually based on a combination of traits and, as such, a particular trait that might justify exclusion of one juror could be acceptable in another juror with a different combination of traits. (*People v. Mack* (1989), 128 Ill. 2d 231, 538 N.E.2d 1107.) We also note that a trial judge's finding as to whether a prosecutor purposefully discriminated against veniremembers will not be disturbed on review unless the reviewing court determines that the judge's finding was clearly erroneous. In addition, when a prosecutor

gives more than one reason for having excused a particular venire-member, the reviewing court need only accept one of the reasons. *People v. Andrews* (1993), 155 Ill. 2d 286, 614 N.E.2d 1184.

■ In the case at hand, the prosecutor first stated that she excused Dunham because both Dunham and the victim had been the victims of a similar type of crime, *i.e.*, a mugging type of armed robbery that occurred quickly. As such, the prosecutor was concerned that Dunham would not give the instant victim credibility regarding his ability to identify the defendant. On appeal, we find this explanation to be race-neutral since it established a reasonable and specific bias related to the instant cause of action.

We also note that several Caucasians were allowed to serve as jurors even though they exhibited some of the same traits as Dunham. However, all of the accepted members had different combinations of traits than Dunham. More importantly, a Caucasian woman who shared the most traits in common with Dunham was also peremptorily excused by the prosecutor. That woman, who is identified in the record as Mrs. Dryer, was possibly an older woman who had a master's degree in administration and a certificate in education. In addition, although she was not present on either occasion, she had a purse stolen twice. As noted above, Dunham was an older woman with a master's degree in health education and had been the victim of a purse snatching. Thus, the fact that the prosecutor excluded both jurors supported the conclusion that her reason for excluding Dunham was race-neutral.

We now turn to the defendant's contention that this cause should be remanded for a hearing to determine the prosecutor's reasons for excluding Guzman. Specifically, the defendant alleges that he set forth a *prima facie* showing of discrimination and, as such, is entitled to such a hearing.

Here, the record shows that the defendant did not object to the prosecutor's dismissal of Guzman during *voir dire*. He first objected to Guzman's dismissal during the hearing on his motion to dismiss the jury for the exclusion of Dunham. At that time, he made the following statements:

> "And also, Judge, I think I ought to add in the fact that the State has exclude[d] Mr. Guzman, who is a minority.
>
> These people have been excluded, Judge. And [the] only reason they have been excluded, particularly for Mrs. Dunham, is because of her race.
>
> I am not sure that I have that strong of argument with Mr. Guzman, but Mr. Guzman was of Spanish descent.

Judge, all the rest of the people that were involved in the venire were—well, involved in the *voir dire* were Caucasian.

\* \* \*

As I said before, Judge, the only argument we have as far as Mr. Guzman is only because of the fact he's a minority. And that argument is not as strong, of course, as it is for Mrs. Dunham."

The record also shows that the defendant used a peremptory challenge to exclude Aspasia Nelson from serving on the jury. During the hearing on the motion to dismiss the jury, the trial judge stated that he believed Nelson may have been Hispanic because of her name and features. However, he could not be certain since neither attorney requested that the panel be questioned during *voir dire* as to their ethnic heritage. Finally, the record indicates that the trial judge did not require the prosecutor to state her reasons for excusing Guzman because the defendant and Guzman were not members of the same race.

Assuming, *arguendo*, that the judge erred by denying the defendant's objection solely because Guzman was not African-American, we are not precluded from reviewing the record to determine whether the defendant made a *prima facie* case. (*People v. Pasch* (1992), 152 Ill. 2d 133, 604 N.E.2d 294.) Moreover, resolution of a claim that the prosecution used its peremptory challenges in a racially discriminatory manner requires the defendant to first establish a *prima facie* case of purposeful discrimination in the selection of the jury. (*Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712.) Although it is true that a *prima facie* case can be established where the State excludes the only venireperson of a certain race, it is not unconstitutional, without more, to strike one or more individuals of a certain race from the jury. Finally, we note that although racial identity between the defendant and the excluded venireperson is not required, it still remains a relevant factor in determining if a *prima facie* case of discrimination has been established. *People v. Pasch* (1992), 152 Ill. 2d 133, 604 N.E.2d 294.

■ In the case at hand, we find that, except for citing the ethnic origin of Guzman, the defendant has pointed to no circumstances that could support a *prima facie* case of racially motivated discrimination. We first note that the defendant and Guzman do not share the same racial identity. In addition, we note that apparently not all of the Hispanics in the jury pool were excluded by the prosecutor. As the record shows, the defendant excused Nelson, who the trial judge believed may have been Hispanic. Finally, we note that the defendant himself acknowledged that the only evidence he had of racial discrimination

with respect to Guzman was the fact that Guzman was a member of a minority.

On review of the record, we do not feel that any circumstances were revealed which raised a *prima facie* inference of State discrimination. We therefore find that the defendant has not met his burden to prove through relevant circumstances that the prosecutor's exercise of her peremptory challenge was racially motivated. Consequently, the State was not required to provide race-neutral explanations for this challenge.

Accordingly, the judgment of the circuit court of Will County is affirmed.

Affirmed.

SLATER and LYTTON, JJ., concur.